JUSTICE LEAPHART,
dissenting.
¶30 I dissent.
¶31 The Court cites Rule 18.2.247(1), ARM, which requires that an agency shall prepare supplements to a final EIS whenever “there are significant new circumstances, discovered prior to final agency decision, including information bearing on the proposed action or its impacts that change the basis for the decision;” and Rule 18.2.247(2), ARM, which provides that a supplemental EIS must include a description of any alternatives. In concluding that the Department should have prepared a supplemental EIS, the majority places considerable stock in the fact that the Helena City Commission and the Board of County Commissioners of Lewis and Clark County passed a joint resolution expressing their determination that an alternative package of improvements would more effectively address the transportation and safety needs than the Forestvale Interchange. The Court further emphasizes that this joint resolution was rejected by the Montana Transportation Commission and that the Department’s subsequent reevaluation of the EIS did not discuss the proposed alternatives to the Forestvale Interchange.
¶32 As I read Rule 18.2.247(2), ARM, the requirement that the agency describe alternatives only pertains if it is first determined that a supplemental EIS is required under Rule 18.2.247(1), ARM. In other words, the fact that alternatives to the Forestvale Interchange were proposed is not a basis for determining that a supplemental EIS is required in the first instance. The necessity of a supplemental EIS hinges, not upon proposed alternatives, but upon significant new cir *11 cumstances which affect the environment in ways not already considered.
¶33 In Marsh v. Oregon Natural Resources Council (1989), 490 U.S. 360, 109 S.Ct. 1851, 104 L.Ed.2d 377, the United States Supreme Court held that an agency need not supplement an EIS every time new information comes to light after an EIS is finalized. “To require otherwise would render agency decisionmaking intractable, always awaiting updated information only to find the new information outdated by the time a decision is made.” Marsh, 490 U.S. at 373, 109 S.Ct. 1851. The Court continued:
In this respect the decision whether to prepare a supplemental EIS is similar to the decision whether to prepare an EIS in the first instance: If there remains “major Federal actio[n]” to occur, and if the new information is sufficient to show that the remaining action will “affec[t] the quality of the human environment” in a significant manner or to a significant extent not already considered, a supplemental EIS must be prepared.
Marsh, 490 U.S. at 374, 109 S.Ct. At 1851.
¶34 In determining that a supplemental EIS was not necessary, the Department conducted a reevaluation in February 1999, in which it considered whether recent growth and traffic patterns in the Helena area defeated the purposes and needs outlined in the EIS. As Chief Justice Turnage notes in his dissent, using the new 1999 traffic data, the Department came to the conclusion that the Forestvale project would relieve congestion on North Montana Avenue by 30 to 50 percent. It also concluded that the project would reduce traffic in front of Rossiter School by 58 percent and would not significantly affect the Capitol Interchange, which would have to be reconstructed in any event for unrelated reasons.
¶35 While one can dispute the correctness of the Department’s conclusions, it cannot be said that the Department did not take a hard look at the significance of any possible new impacts or that its decision to forego a supplemental EIS was arbitrary and capricious. See North Fork Pres. v. Dept. of State Lands (1989), 238 Mont. 451, 459, 778 P.2d 862, 867. MEIC has not pointed to any new information or circumstances showing that the Forestvale project will affect the environment in a significant manner not already considered in the original EIS. The “Montana Avenue Alternative” is not itself a “new circumstance” triggering a need for a supplemental EIS under Rule 18.2.247(1), ARM.
*12 ¶36 I would affirm the decision of the District Court.
CHIEF JUSTICE TURNAGE and JUSTICE GRAY join in the foregoing dissenting opinion.